UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA TAYLOR, TIMOTHY | : | CIVIL ACTION |
| LIVINGSTON, TANYA BOCCHINO, | : | |
| AND MICHELE LANGLOIS, | : | No. _____ |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| BIO-DYNAMIX, LLC AND | : | |
| CHRISTOPHER GRANEY, | : | |
| | : | |
| Defendants. | : | April 16, 2014 |

## COMPLAINT

Plaintiffs Patricia Taylor, Timothy Livingston, Tanya Bocchino, and Michele Langlois, for their Complaint against Bio-Dynamix, LLC and Christopher Graney, state as follows:

## NATURE OF THE ACTION

1.   The Plaintiffs provide personal fitness training and related health and fitness consulting services. The Plaintiffs previously worked for the Defendants at their facility in Shelton, Connecticut and elsewhere. This action arises out of the Defendants' willful failure to pay minimum wages, overtime wages, and other compensation to which the Plaintiffs were entitled. The Defendants purposefully misclassified Plaintiffs as "independent contractors," when they should have been classified as "employees." As a result of that misclassification, the Defendants avoided payment of minimum wages, overtime, and other compensation.

2.     The Plaintiffs allege violations of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the minimum wage, overtime, and wage payment provisions of Connecticut law, Conn. Gen. Stat. § 31-58, *et seq.*

3.     As a result of the Defendants' misclassification of their employment status, the Plaintiffs have been deprived of the benefits and protections of federal and state law, and are entitled to recover unpaid wages, liquidated damages, double damages, attorneys' fees and costs, and related relief.

## PARTIES

4.     Plaintiff Patricia Taylor is an individual residing at 15 Buttercup Lane, Shelton, Connecticut.

5.     Plaintiff Timothy Livingston is an individual residing at 15 Buttercup Lane, Shelton, Connecticut.

6.     Plaintiff Tanya Bocchino is an individual residing at 98 High Street, Shelton Connecticut.

7.     Plaintiff Michele Langlois is an individual residing at 46 Perch Road, Shelton, Connecticut.

8.     Defendant Bio-Dynamix, LLC ("Bio-Dynamix") is a Connecticut limited liability company with a principal place of business located at 3 Corporate Drive, Shelton, Connecticut.

9.     Defendant Christopher Graney ("Graney") is an individual residing at 5 Round Hill Road, Shelton, Connecticut. Graney is the sole member and principal officer of Bio-Dynamix and is responsible for and directs all of its business operations and employment-related activities.

## JURISDICTION AND VENUE

10.    This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 as Plaintiffs seek relief under Federal law. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11.    This Court has personal jurisdiction over the Defendants, and venue is proper in this District under 28 U.S.C. § 1391(b), because both Defendants are residents of the State of Connecticut, and the wrongful acts complained of occurred in this District.

## STATEMENT OF FACTS

12.    Bio-Dynamix holds itself out as a health and education firm specializing in biomechanics, precision exercise training, individual and group instruction, and muscle balancing. The company's patrons include individuals, groups, teams and corporations.

13.    At all times relevant to this Complaint, Bio-Dynamix conducted business by retaining the Plaintiffs (and other individuals) to provide services to Bio-Dynamix members. Fitness training services typically were provided to members on an hourly basis, with the Plaintiffs receiving as compensation only a portion of the fees members paid directly to Bio-Dynamix.

14.    At all times relevant to this Complaint, in his capacity as sole member and principal officer of Bio-Dynamix, Graney oversaw and had ultimate decision-making authority and responsibility for all of the company's business and financial affairs.

3

15.     Plaintiff Patricia Taylor was employed by Bio-Dynamix from in or about October 2005 through in or about September 2013.

16.     Plaintiff Timothy Livingston was employed by Bio-Dynamix from in or about January 2005 through in or about March 2014.

17.     Plaintiff Tanya Bocchino was employed by Bio-Dynamix from in or about October 2012 through in or about February 2014.

18.     Plaintiff Michele Langlois was employed by Bio-Dynamix from in or about August 2010 through in or about September 2012.

19.     At all times relevant to this Complaint, the Plaintiffs performed services on Bio-Dynamix's behalf solely on Bio-Dynamix's premises or at other locations under the direction and/or control of the Defendants.

20.     At all times relevant to this Complaint, Graney possessed and exercised supervisory authority over the Plaintiffs and was responsible for all terms and conditions of their employment, including the terms and conditions under which they received compensation for services performed for the Defendants.

21.     At all times relevant to this Complaint, Defendants had the power to hire and fire Plaintiffs and other employees; supervised and controlled the work schedules and conditions of employment of Plaintiffs and other employees; determined the rate and method of payment for the services of Plaintiffs and other employees; and were required to maintain records of time worked and compensation paid to Plaintiffs and other employees.

22.     During the course of their employment with Bio-Dynamix, the Plaintiffs performed the primary services offered by Bio-Dynamix to its members; that is, personal fitness training and related health and fitness consulting (the "Primary Services").

4

23.     During the course of their employment with Bio-Dynamix, the Plaintiffs received compensation solely for the Primary Services they provided, the amount of which was determined by Graney.

24.     In addition to the Primary Services provided to Bio-Dynamix members, the Defendants also required the Plaintiffs to perform various other tasks and services with no compensation whatsoever (the "Uncompensated Services"), including, but not limited to, the following:

(a).     Plaintiffs were required to be on the Bio-Dynamix premises even if they had no training sessions scheduled.  This "floor time" purportedly was required so that Plaintiffs could assist any member on the premises.

(b).     Plaintiffs were required to remain on the premises (at times for up to a few hours) even when no members were present for training sessions because Graney did not want the facility to look "empty."

(c).     Plaintiffs were required to attend a two-hour "staff meeting" once every two weeks.

(d).     Plaintiffs were required to participate in "study groups" conducted for two-hour periods once every two weeks. Plaintiff Timothy  Livingston at times was required to lead these groups.

(e).     Plaintiffs were required to complete "assignments" received from Graney, such as papers, homework and research for the mandatory "staff meetings" and "study groups."

(f).     Plaintiffs were required to participate in "momentum sessions," consisting of weekly meetings with the company's manager (also misclassified as an "independent contractor") to review marketing opportunities, the status of existing marketing efforts, and the status of the Plaintiffs' performance in achieving Graney-directed marketing goals.

(g).     Plaintiffs were required to cancel training session appointments with Bio-Dynamix members (for which they would have received  compensation) to attend mandated "staff meetings" (for which they received no compensation).

(h).     Plaintiffs were required to train new employees (also misclassified as "independent contractors") on the company's procedures for marketing calls.

(i).    Plaintiffs were required to search through aged medical histories in the company's records to use for new marketing leads.

(j).    Plaintiffs were required to visit off-premises corporate offices to market Bio-Dynamix's services.

(k).    Plaintiffs were required to man tables outside food establishments to provide information and answer questions about Bio-Dynamix's services.

(l).    Plaintiffs were required to conduct "health fairs," both on Bio-Dynamix premises and at off-premises corporate offices, for the purpose of soliciting members.

(m).    Plaintiff Timothy Livingston was required to attend running races to promote Bio-Dynamix and to provide free evaluations for the purpose of soliciting new members.

(n).    Plaintiffs were required to design a "corporate wellness program" to be marketed and sold to potential corporate clients.

(o).    Plaintiffs were required to complete health history forms for new members; to input the information into the company's computer system; and to record the type and amount of the data entered on a daily basis for review by Graney.

(p).    Plaintiffs were required to perform additional computer data entry for existing members, and to record the type and amount of the data entered on a daily basis for review by Graney.

25.    During the course of the Plaintiffs' employment with Bio-Dynamix, the

Plaintiffs were required to work, and regularly worked, in excess of 40 hours per week, but

failed to receive either minimum wages or overtime compensation for hours worked in

excess of 40 hours per week.

26.    Despite Plaintiffs' status as employees, and as a condition of their

employment, Defendants required each Plaintiff to sign an incorrect, illegal and

unenforceable document classifying each as an "independent contractor," yet prohibiting

them from providing the Primary Services for or on behalf of any individual or entity other

6

than Defendants "for the period of employment" and for periods of two to five years thereafter.

27.     During the course of Plaintiffs' employment, Defendants precluded the Plaintiffs from providing the Primary Services for or on behalf of any individual or entity other than Defendants.

28.     On information and belief, Bio-Dynamix failed to make, keep, and/or preserve records with respect to each of its employees (including the Plaintiffs) sufficient to determine the precise wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 211(c) and Conn. Gen. Stat. § 31-66.

## CLAIMS FOR RELIEF

**Count One – Violation of Federal Minimum Wage Laws**

1-28.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 28 as if fully set forth herein.

29.     At all times relevant to this Complaint, Bio-Dynamix and Graney each was an "employer" within the meaning of 29 U.S.C. § 203(d).

30.     At all times relevant to this Complaint, each of the Plaintiffs was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

31.     At all times relevant to this Complaint, Defendants "employed" each of the Plaintiffs within the meaning of 29 U.S.C. § 203(g).

32.     During the course of the Plaintiffs' employment with Bio-Dynamix, the Defendants failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. § 206(a).

7

33.   Defendants' violations of the FLSA's minimum wage requirements were willful, in violation of prevailing law, and engaged in with reckless disregard of the Plaintiffs' legal rights.

34.   As a result of Defendants' failure to pay required minimum wages, Plaintiffs have sustained damages.

35.   As a result of Defendants' failure to pay required minimum wages, Plaintiffs are entitled to compensatory damages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).


**Count Two – Violation of State Minimum Wage Laws**

1-28.   Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 28 as and for Paragraphs 1 through 28 of Count Two as if fully set forth herein.

29.   At all times relevant to this Complaint, Bio-Dynamix and Graney each was an "employer" within the meaning of Conn. Gen. Stat. § 31-58(e).

30.   At all times relevant to this Complaint, Bio-Dynamix and Graney each "employed" the Plaintiffs within the meaning of Conn. Gen. Stat. § 31-58(h).

31.   At all times relevant to this Complaint, each of the Plaintiffs was an "employee" within the meaning of Conn. Gen. Stat. §§ 31-58(f) and 31-76b(3)

32.   During the course of the Plaintiffs' employment with Bio-Dynamix, the Defendants knowingly and in bad faith failed to pay Plaintiffs for work performed within the State of Connecticut at the required minimum wage, in violation of Conn. Gen. Stat. §§ 31-58(j) and 31-60(a).

33.     As a result of Defendants' failure to pay required minimum wages, Plaintiffs have sustained damages.

34.     As a result of Defendants' failure to pay required minimum wages, Plaintiffs are entitled to unpaid wages, double damages, and attorneys' fees and costs pursuant to Conn. Gen. Stat. § 31-68(a).

**Count Three – Violation of Federal Overtime Laws**

1-31.   Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 31 of Count One  as and for Paragraphs 1 through 31 of Count Three as if fully set forth herein.

32.     During the course of the Plaintiffs' employment with Bio-Dynamix, the Defendants knowingly failed to pay Plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

33.     Defendants' violations of the FLSA's overtime wage requirements were willful, in violation of prevailing law, and engaged in with reckless disregard of the Plaintiffs' legal rights.

34.     As a result of Defendants' failure to pay required overtime wages, Plaintiffs have sustained damages.

35.     As a result of Defendants' failure to pay required overtime wages, Plaintiffs are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**Count Four – Violation of State Overtime Laws**

1-31.    Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 31 of Count Two as and for Paragraphs 1 through 31 of Count Four as if fully set forth herein.

32.    During the course of the Plaintiffs' employment with Bio-Dynamix, the Defendants knowingly failed to pay Plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Conn. Gen. Stat. §§ 31-60(a) and 31-76c.

33.    As a result of Defendants' failure to pay required overtime wages, Plaintiffs have sustained damages.

34.    As a result of Defendants' failure to pay required overtime wages, Plaintiffs are entitled to unpaid wages, double damages, and attorneys' fees and costs pursuant to Conn. Gen. Stat. § 31-68(a).

**Count Five - Violation of Conn. Gen. Stat. § 31-72**

1-28.    Plaintiff Timothy Livingston repeats and realleges the allegations of Paragraphs 1 through 28 as and for Paragraphs 1 through 28 of Count Five as if fully set forth herein.

29.    Bio-Dynamix and Graney are "employers" as that term is defined in Conn. Gen. Stat. §31-71a(1).

30.    Plaintiff Timothy Livingston was an "employee" of Bio-Dynamix and Graney as that term is defined in Conn. Gen. Stat. §31-71a(2).

31.    On or about March 2, 2014, Plaintiff Timothy Livingston resigned his employment with Defendants.

10

32.     At the time of Plaintiff Timothy Livingston's resignation, Defendants owed him wages in excess of $8,500.00 (the "Final Wages").

33.     Despite demand from Plaintiff Timothy Livingston, Bio-Dynamix has failed and refused to pay him all Final Wages due and owing.

34.     At all times relevant to this Complaint, Graney served as Bio-Dynamix's sole member and principal officer.

35.     In his position as Bio-Dynamix's sole member and principal officer, Graney was the individual with ultimate responsibility to decide whether to pay Plaintiff Timothy Livingston the Final Wages, and was the specific cause of Bio-Dynamix's failure to pay all Final Wages due and owing.

36.     The Final Wages constitute "wages" within the meaning of Conn. Gen. Stat. § 31-71a(3).

37.     By refusing to pay Plaintiff Timothy Livingston all Final Wages due and owing, Defendants wrongfully withheld wages from him in violation of Conn. Gen. Stat. §§ 31-71b, 31-71c, and 31-71e.

38.     Defendants' failure and refusal to pay Plaintiff Timothy Livingston all Final Wages due and owing is without justification and has caused Plaintiff Timothy Livingston to incur substantial monetary losses.

39.     As a result of Defendants' actions, Plaintiff Timothy Livingston is entitled to recover double damages and attorneys' fees pursuant to Conn. Gen. Stat. § 31-72.

WHEREFORE, Plaintiffs Patricia Taylor, Timothy Livingston, Tanya Bocchino, and Michele Langlois claim the following relief:

1.    Compensatory damages pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. §§ 31-68(a) and 31-72;

2.    Liquidated damages pursuant to 29 U.S.C. § 216(b);

3.    Double damages pursuant to Conn. Gen. Stat. §§ 31-68(a) and 31-72;

4.    Attorneys' fees pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. § 31-72;

5.    Interest pursuant to Conn. Gen. Stat. § 37-3a on all sums wrongfully withheld and retained by Defendants;

6.    Costs of this action; and

7.    Any and all further relief the Court may deem just and equitable.

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.**

PLAINTIFFS
PATRICIA TAYLOR, TIMOTHY
LIVINGSTON, TANYA BOCCHINO,
AND MICHELE LANGLOIS

By:_____
     Douglas J. Varga (ct 18885)

     LUCAS BAGNELL VARGA LLC
     2425 Post Road, Suite 200
     Southport, CT 06890
     Tel:  (203) 227-8400
     Fax:  (203) 227-8402
     E-Mail: dvarga@lbv-law.com

Their Attorneys